IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Sabrina Montana, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 12 C 513 |
| ARS National Services, Inc., d/b/a Associated Recovery Systems, Inc., a California corporation, | ) ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Sabrina Montana, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Sabrina Montana ("Montana"), is a citizen of the State of Pennsylvania, from whom Defendant attempted to collect a delinquent consumer debt owed to Bank of America, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with

Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, ARS National Services, Inc., d/b/a Associated Recovery Systems ("ARS"), is a California corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant ARS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant ARS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant ARS is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, ARS conducts business in Illinois.

6. Moreover, Defendant ARS is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, ARS acts as a debt collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Montana is a disabled woman, with limited assets and income, who fell behind on paying her bills. When Defendant ARS began trying to collect a Bank of America debt from Ms. Montana, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant ARS's collection actions.

8. Accordingly, on July 25, 2011, one of Ms. Montana's attorneys at LASPD informed ARS, in writing, that Ms. Montana was represented by counsel, and directed

ARS to cease contacting her, and to cease all further collection activities because Ms. Montana was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant ARS sent a collection letter, dated September 9, 2011, directly to Ms. Montana, in which it continued to demand payment of the Bank of America debt. A copy of this letter is attached as Exhibit D.

10. Accordingly, on December 13, 2011, Ms. Montana's LASPD attorney had to send Defendant ARS another letter, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

11. Defendant ARS's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant ARS's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Montana's, agent, LASPD, told Defendant ARS to cease communications and cease collections (Exhibit C). By continuing to

communicate regarding this debt and demanding payment (Exhibit D), Defendant ARS violated § 1692c(c) of the FDCPA.

16. Defendant ARS's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant ARS knew that Ms. Montana was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant ARS to cease directly communicating with her. By directly sending Ms. Montana a collection letter (Exhibit D), despite being advised that she was represented by counsel, Defendant ARS violated § 1692c(a)(2) of the FDCPA.

20. Defendant ARS's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C.§1692k.

## PRAYER FOR RELIEF

Plaintiff, Sabrina Montana, prays that this Court:

1. Find that Defendant ARS's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Montana, and against Defendant ARS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Sabrina Montana, demands trial by jury.

Sabrina Montana,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: January 24, 2012

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com